

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-25-2008

# Pesantez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4431

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Pesantez v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1538.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1538

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  04-4431

CIRO PESANTEZ,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

On Petition for Review of a Decision
of the Board of Immigration Appeals
Agency No. 78-435-344
Immigration Judge: Annie S. Garcy

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 15, 2008

Before: SLOVITER AND SMITH, *Circuit Judges*,
and DIAMOND, *District Judge**

(Filed: February 25, 2008 )

OPINION

DIAMOND, *District Judge*.

*The Honorable Gustave Diamond, Senior District Judge for the Western District
of Pennsylvania, sitting by designation.

1

Ciro Pesantez seeks review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from the decision of the Immigration Judge ("IJ") denying Pesantez's motion for a continuance and ordering his removal. The Government responded with a motion to dismiss for lack of subject matter jurisdiction, or, alternatively, for summary affirmance of the removal order. For the reasons set forth below, we will deny both the Government's motion to dismiss for lack of subject matter jurisdiction and Pesantez's petition for review.

I.

In January of 2001, removal proceedings were instituted against Pesantez, an Ecuadoran national who had arrived in the United States in 1991. Pesantez appeared *pro se* at a hearing in March of 2001 at which time his case was rescheduled so he could obtain counsel. On November 27, 2001, Pesantez, with counsel, appeared before an IJ and conceded that he was removable. However, he requested a continuance of removal proceedings until March 19, 2002, pending a determination from the Department of Labor ("DOL") on his application for labor certification which he filed on April 27, 2001, and which, if granted, would permit him to apply for adjustment of status to lawful permanent resident under 8 U.S.C. § 1255(i).[1]

---

[1] Pursuant to 8 U.S.C. § 1255(i), the Attorney General is authorized to grant an alien present in the United States an adjustment of status if he "is eligible to receive an immigrant visa and is admissible" and "an immigrant visa is immediately available to the alien at the time the application is filed."

In February of 2003, Pesantez was granted another two-month extension of removal proceedings because his application still was pending before the DOL. When Pesantez and his counsel failed to appear at a hearing on April 2, 2003, the IJ found him removable *in absentia*. Pesantez's motion to reopen his proceedings was granted and, after another series of postponements, Pesantez appeared with counsel at a hearing on December 19, 2003, at which time he moved for an indefinite continuance pending a determination from the DOL on his then already 32-month-old application for labor certification. The IJ denied any further continuance and ordered Pesantez's removal. By per curiam order dated October 28, 2004, the BIA declined to disturb the IJ's discretionary decision to deny any further continuance and dismissed Pesantez's appeal.

## II.

As an initial matter, we must determine whether we have subject-matter jurisdiction. Generally, 8 U.S.C. § 1252(a)(1) confers jurisdiction upon this Court to review a final order of removal. However, the Government has moved to dismiss for lack of subject matter jurisdiction on the ground that the denial of Pesantez's motion for continuance was a discretionary decision not subject to review pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii).[2] The Government argues that this section divests this Court of

---

[2] "Notwithstanding any other provision of law ... no court shall have jurisdiction to review ... any other decision or action of the Attorney General ... *the authority for which is specified under this subchapter* to be in the discretion of the Attorney General ... other than the granting of [asylum] ...." (emphasis added). 8 U.S.C. §1252(a)(2)(B)(ii).

3

jurisdiction to review the denial of Pesantez's continuance motion because the IJ's decision was discretionary under 8 C.F.R. § 1003.29 (2006), which provides that an IJ "*may* grant a motion for continuance for good cause shown."

After the Government filed its motion to dismiss in this case, we had occasion to address this exact jurisdictional issue in *Khan v. Attorney General of the United States*, 448 F.3d 226 (3d Cir. 2006). Presented with the identical argument raised by the Government in the case *sub judice*, we expressly found in *Khan* that § 1252(a)(2)(B)(ii) does <u>not</u> bar jurisdiction where, as here, there is no statute expressly granting discretion to the Attorney General, but discretionary authority instead is extant under a federal regulation. *Id.* at 233. *Khan* is dispositive of the jurisdictional issue raised by the Government. Thus, in light of *Khan's* holding that § 1252(a)(2)(B)(ii) does not deprive this court of jurisdiction over a decision to deny a motion for continuance, the Government's motion to dismiss for lack of subject matter jurisdiction must be denied.

III.

Turning to the merits, Pesantez raises two arguments on appeal. First, he contends that the BIA erred in affirming the IJ's discretionary decision to deny his motion for a continuance pending a determination on his application for labor certification. Upon review, we find no abuse of discretion in the denial of Pesantez's motion.

As already noted, 8 C.F.R. § 1003.29 (2006) provides that an IJ "may grant a motion for continuance for good cause shown." We review a denial of a continuance

4

motion for abuse of discretion, *Ponce-Leiva v. Ashcroft*, 331 F.3d 369, 377 (3d Cir. 2003), and a discretionary determination should not be disturbed unless it is "found to be arbitrary, irrational, or contrary to the law." *Santana-Gonzalez v. Attorney General of the United States*, 506 F.3d 274, 276 (3d Cir. 2007) (citation omitted). Where an alien has failed to submit a visa petition, the IJ's decision to deny that alien's continuance request "is squarely within the IJ's broad discretion" absent "extraordinary circumstances." *Khan*, 448 F.3d at 234.

Here, Pesantez did not submit a visa petition and he presently is ineligible for an adjustment of status under § 1255(i) because he is neither eligible to receive an immigrant visa nor can he show that such a visa is "immediately available" to him, or will be available to him at some estimable time, because it is speculative as to whether the DOL will grant his labor certification application.[3] And, as we noted in *Khan*, there is no authority for the proposition that government delay in the processing of an application for labor certification constitutes "extraordinary circumstances" warranting an open-ended continuance. *Id.* at 235. Accordingly, we find no abuse of discretion in the denial of Pesantez's motion for an indefinite continuance under the circumstances of this case.

---

[3] On appeal, Pesantez relies on the BIA's ruling in *In Re Mario Eduardo Velarde-Pacheco*, 21 I. & N. Dec. 253 (BIA 2002), in which it was held that an alien awaiting approval of a marriage-based visa petition could pursue adjustment of status upon clear and convincing evidence that the alien's marriage was bona fide and genuine. However, unlike in *Velarde*, Pesantez cannot show that he is "otherwise prima facie eligible for adjustment." Thus, there was no error in the BIA's finding that *Velarde* is inapplicable.

Second, Pesantez contends that the denial of his motion for a continuance pending the adjudication of his application for labor certification violated his right to due process of law as guaranteed by the Fifth Amendment to the United States Constitution. We review constitutional claims and questions of law de novo. *Debeato v. Attorney General of the United States*, 505 F.3d 231, 235 (3d Cir. 2007). We find no due process violation on the record before us because Pesantez has shown neither that he was prevented from reasonably presenting his case nor that he was substantially prejudiced by the denial of his continuance motion, as there is no evidence as to when, if ever, his labor certification might be granted. *Khan*, 448 F.3d at 236.

IV.

Accordingly, for the foregoing reasons, we will deny the Government's motion to dismiss for lack of subject matter jurisdiction and will deny on the merits Pesantez's petition for review.